## AVART vs. HIS CREDITORS.

APPEAL from the court of the first district.

*Creditors may oppose the tableau of distribution at any time previous to the judgment of homologation being signed.*

MATTHEWS, J. delivered the opinion of the court. It appears by the record of this case that a tableau of distribution of a part of the funds arising from the sale of the insolvent's estate, was filed by the syndics on the 20th of December, 1825, which, after some amendments, was homologated by order of the court on the 6th of January, 1826. But this order or decree was not signed by the judge until the 9th of July, 1827. On the 14th of April of the year last mentioned, the counsel for the syndics filed an additional tableau, by which it appears that a distribution of funds which came into their hands subsequent to the first dividend, was about to be made amongst the

creditors, and to the homologation of this se-
cond tableau, Michaud, the appellant, as one
of them, made opposition, purporting to be ba-
sed on several and various grounds, having re-
lation to matters contained in both tableaus,
the most important of which is the privilege
and preference allowed to Delasize, one of
the syndics as an hypothecary creditor, in
which situation he is placed on each tableau.

Eastern Dist.
*April*, 1828.

Avart
*vs.*
HIS CREDI
TORS.

The appellant was present by the counsel
who now represents him at the filing and ho-
mologation of the first tableau, caused it to be
amended, and made no opposition.

The appellees contend that as the opposing
creditor made no objection to the manner of
distribution within the ten days allowed by the
act of 1817, but on the contrary assisted in its
homologation, his opposition cannot now be
permitted, on account of being too late in
term, and waived by his presence when the
decree was made for recording the tableau.

On the part of the appellant it is contended
that the order of homologation is nothing more
than an interlocutory decree, and does not
form *res judicata*. But should it be consid-
ered in the light of a final judgment his oppo-

Eastern Dis.
April, 1828.

AVART
*vs.*
HIS CREDI-
TORS.

sition was filed in time, being before the judge signed said judgment.

It is somewhat doubtful whether such decrees partake more of the nature of interlocutory orders or final judgments. We are however inclined to the belief that so far as they settle the rank and privilege of creditors they ought to be held as final; and cannot be considered as having the force of *res judicata*, until they have the sanction of the judge's signature.

In relation to the right and privilege of appeal, the principle, that judgments rendered by the courts of the first instance are not absolutely final until they are signed, has been settled by many decisions of the supreme court, and we have not been able to discover any thing in our new codes which militates against the doctrine thus established. It is believed that a motion for a new trial would be in time before a judgment was signed, although a longer period should have elapsed than that within which it ought to have been completed by the judge's signature.

The ten days prescribed by the act of 1817, within which creditors are bound to make opposition, is analogous to the time given to defendants to file their answers in ordinary

suits, which they may do before judgment by default, although a greater period may have passed than the law allows.

Eastern Dist.
*April*, 1828.

AVART
*vs.*
HIS CREDI-
TORS.

We are of opinion that the grounds of opposition stated by the opposing creditor are sufficient to require a reconsideration of the tableau of distribution filed by the syndics, and that said opposition has been made at a time when it may be legally tolerated.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be avoided, reversed, and annulled, and that the case be remanded, with instructions to said court to proceed to hear and determine on the opposition made by the appellant; and that the appellee pay costs.

*Seghers* for the plaintiff, *De Armas* for the defendants.